Humberto M. Guizar, Esq., (SBN 125769)
  hguizar@ghclegal.com
Kent M. Henderson, Esq., (SBN 139530)
  hendolaw@gmail.com
Angel Carrazco, Esq., (SBN 230845)
  angel@carrazcolawapc.com
Christian Contreras, Esq., (SBN 330269)
  ccontreras@ghclegal.com
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Attorneys for Plaintiffs,
Alma L. Figueroa De Magdaleno, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA L. FIGUEROA DE MAGDALENO, Individually, and as Successor in Interest to JAVIER MAGDALENO GUTIERREZ; JUAN JAVIER MAGDALENO, Individually YOSELIN MAGDALENO, Individually and IVETH MAGDALENO, Individually,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF RIVERSIDE, a legal subdivision of the State of California; CALIFORNIA HIGHWAY PATROL, a governmental agency of the State of California; DEREK THOMAS; an individual; JOHN GETTE, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **CASE NO: 5:21-cv-02027-JGB-SHK**<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983);<br>2. Substantive Due Process (42 U.S.C. § 1983);<br>3. Ratification Causing Constitutional Violations (42 U.S.C. § 1983);<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);<br>5. Municipal Liability for Failure to Train (42 U.S.C. § 1983);<br>6. Battery (Wrongful Death);<br>7. Negligence (Wrongful Death);<br>8. Negligent Supervision and Training;<br>9. Violation of Section 52.1 of The California Civil Code (Tom Bane Act Violation)<br><br>**DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT FOR DAMAGES

1.      Plaintiffs ALMA L. FIGUEROA DE MAGDALENO individually and as successor in interest (hereinafter "ALMA MAGDALENO"), JUAN JAVIER MAGDALENO individually, YOSELIN MAGDALENO individually, and IVETH MAGDALENO individually, to JAVIER MAGDALENO GUTIERREZ (hereinafter "JAVIER GUTIERREZ" or "DECEDENT") bring this action against the COUNTY OF RIVERSIDE, (hereinafter also referred to as "COUNTY"), CALIFORNIA HIGHWAY PATROL (hereinafter also referred to as "CHP"), a governmental agency of the State of California, DEREK THOMAS, an individual, JOHN GETTE, an individual, and DOES 1 THROUGH 10, inclusive and allege as follows:

## PRELIMINARY ALLEGATIONS

2.      This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, from the COUNTY OF RIVERSIDE, CHP, DEREK THOMAS and JOHN GETTE, for violations state law and fundamental rights under the United States Constitution in connection with the brutal police shooting and killing of JAVIER GUTIERREZ on January 29, 2021. Decedent JAVIER GUTIERREZ was shot dead by Defendants DEREK THOMAS, JOHN GETTE, and DOES 1 Through 10 on January 29, 2021 in Riverside County.

## PARTIES

3.      At all relevant times up until his death, JAVIER GUTIERREZ was an individual residing in the County of Riverside, California.

4.      Plaintiff ALMA MAGDALENO, is an individual residing in RIVERSIDE and was the legal wife of Decedent JAVIER MAGDALENO. ALMA MAGDALENO sues in her individual capacity and in a representative capacity as successor-in-interest to Decedent and THE ESTATE OF JAVIER GUTIERREZ pursuant to California C.C.P. Section 377.32. Plaintiff ALMA MAGDALENO is an "heir at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P. Section 377.30, survival) to Decedent JAVIER GUTIERREZ. Plaintiff

2

ALMA MAGDALENO seeks both wrongful death and survival damages under federal and state law. Furthermore, Plaintiff ALMA MAGDALENO seeks all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death and survival. The damages sought by Plaintiff ALMA MAGDALENO, for the death of her husband, JAVIER GUTIERREZ, include for loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of relationship with Decedent, including loss of society and companionship and the mental, physical and emotional pain and suffering of Decedent and all other damages allowed under federal and state law. Plaintiffs the ESTATE OF JAVIER GUTIERREZ appear through its successor-in-interest, the Plaintiff ALMA MAGDALENO.

5. Plaintiffs JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO, and IVETH MAGDALENO are the children of Decedent. Plaintiffs JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO and IVETH MAGDALENO sue in their individual capacities as the children of the DECEDENT. The damages sought by Plaintiffs JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO, AND IVETH MAGDALENO for the death of their father, JAVIER GUTIERREZ, include for loss of DECEDENT's own life, love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of relationship with Decedent, including loss of society and companionship and the mental, physical and emotional pain and suffering of Decedent and all other damages allowed under federal and state law.

6. Defendant COUNTY is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various

agents and agencies, including the Riverside County Sheriff's Department (hereinafter "RCSD"), and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

7.   At all relevant times, Defendants DEREK THOMAS, and Does 1 Through 10 were employees of the RCSD. At all times relevant times, defendant DEREK THOMAS, and each of the defendants Does 1 Through 5 were an employee and/or agent of Defendant COUNTY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the RCSD, as well as under the color of the statutes and regulations of the State of California.

8.   Defendant CHP is a governmental agency of the State of California with the capacity to sue and be sued. Defendant CHP is responsible for the actions, omissions, policies, procedures, practices and customs of its officers, and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible.

9.   At all relevant times, Defendants JOHN GETTE, and Does 6 Through 10 were employees of the CHP. At all times relevant times, Defendants JOHN GETTE, and Does 6 Through 10 were an employee and/or agent of defendant CHP and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CHP, as well as under the color of the statutes and regulations of the State of California.

10.   At all relevant times, defendant DEREK THOMAS, and each of the Defendants Does 1 Through 5 were acting within his or her capacity as an employee, agent, representative and/or servant of COUNTY.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

11. At all relevant times, Defendant JOHN GETTE, and each of the Defendant's Does 6 Through 10 were acting within his or her capacity as an employee, agent, representative and/or servant of CHP.

12. On information and belief, at all relevant times, Defendant DEREK THOMAS, JOHN GETTE and Does 1 Through 10, inclusive, were residents of County of Riverside, California. Defendants THOMAS, JOHN GETTE and Does 1 Through 10, are sued herein in their individual and/or representative capacity and/or in their capacity as employees and agents of Defendant COUNTY and CHP. Defendants DEREK THOMAS, JOHN GETTE and Does 1 Through 10 are sued in their individual capacities for damages only.

13. At all relevant times, DEREK THOMAS, JOHN GETTE and Does 1 Through 10, inclusive, were duly authorized employees and agents of COUNTY, and CHP who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendants COUNTY and CHP.

14. In doing the acts and failing and omitting to act as hereinafter described, defendants DEREK THOMAS, JOHN GETTE and Does 1 Through 10 were acting on the implied and actual permission and consent of COUNTY and CHP.

15. The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

16. At all times relevant to the facts alleged herein, Defendants, including Does are duly appointed, qualified and acting officers, employees, and/or agents of COUNTY, RCSD, and CHP employed as such by Defendants, and acting within the

5

course and scope of their employment and/or agency and under color of state law. Each of the Defendants and Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct. Defendants COUNTY and CHP are responsible for promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilities and duties, and staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, and employees under their direction and control.

17.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct.  Defendants COUNTY and CHP are responsible by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs and DECEDENT's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.  Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

when that information is ascertained.  Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

18.    Whenever and wherever reference is made in this Complaint to any act by Defendants and Doe Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

**JURISDICTION AND VENUE**

19.    This action was properly filed in the Riverside Superior Court, Central District, as it is a wrongful death case and seeks remedies under state law for the personal injuries suffered by the Decedent, JAVIER GUTIERREZ, as well as his wife, Plaintiff ALMA MAGDALENO, and children, Plaintiffs JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO and IVETH MAGDALENO. Furthermore, this civil action is brought by Plaintiffs ALMA MAGDALENO, JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO and IVETH MAGDALENO for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20.    Venue is proper in this Court because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the County of Riverside, California.

21.    Plaintiffs herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitations.

**FACTUAL ALLEGATIONS**

22.    On January 29, 2021, at approximately 12:30 p.m., JAVIER GUTIERREZ was in the area of Thousand Palms in Riverside County. JAVIER GUTIERREZ was with his wife Plaintiff ALMA MAGDALENO.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

23.     JAVIER GUTIERREZ was a sixty-year-old resident of Indio who had three (3) children and a wife.

24.     On January 29, 2021, JAVIER GUTIERREZ and his wife Plaintiff ALMA MAGDALENO had some sort of disagreement which prompted Plaintiff ALMA MAGDALENO to become upset. Based upon Plaintiff ALMA MAGDALENO becoming upset, a third party called 911.

25.     Plaintiff ALMA MAGDALENO never called 911 herself for assistance, nor to report anything relative to her husband, JAVIER GUTIERREZ.

26.     RCSD deputies responded to the scene to attempt to make JAVIER GUTIERREZ and Plaintiff ALMA MAGDALENO.

27.     Upon information and belief, RCSD deputies were unable to make contact with JAVIER GUTIERREZ who left the scene in his red pick-up truck.

28.     At some point, Defendants THOMAS, JOHN GETTE, and Does 1 through 10, inclusive, also respond to the call.

29.     After several minutes of driving, JAVIER GUTIERREZ stopped his red pick up truck near the intersection of Jefferson St. and Avenue 48 in the County of Riverside. Defendants THOMAS, JOHN GETTE, and Does 1 through 10, inclusive, were near JAVIER GUTIERREZ when he stopped his red pick up truck.

30.     Upon information and belief, Defendants THOMAS, JOHN GETTE, and Does 1 through 10, inclusive, and each of them, never formed a tactical plan as to how they were going to approach JAVIER GUTIERREZ.

31.     Upon information and belief, Defendants THOMAS, JOHN GETTE, and Does 1 through 10, inclusive, and each of them, never waited for back up prior to making contact with JAVIER GUTIERREZ.

32.     Upon information and belief, Defendants THOMAS, JOHN GETTE, and Does 1 through 10, inclusive, and each of them, did not try to escalate the situation.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

33.     Upon information and belief, within ten (10) seconds after JAVIER GUTIERREZ stopped his red pick up truck near the intersection of Jefferson St. and Avenue 48 in the County of Riverside, Defendants THOMAS and JOHN GETTE, simultaneously fired at least fifteen (15) rounds at the red pick up truck which was solely occupied by JAVIER GUTIERREZ.

34.     Upon information and belief, Defendants THOMAS and JOHN GETTE, and each of them, fired at least (15) rounds at after JAVIER GUTIERREZ without warning that they were going to shoot him.

35.     Defendants THOMAS and JOHN GETTE shot JAVIER GUTIERREZ while he was still inside his vehicle. JAVIER GUTIERREZ was never given an opportunity to exit his vehicle.

36.     JAVIER GUTIERREZ died at the scene of the shooting, inside his red pick-up truck.

37.     As a result of DEFENDANTS' conduct, stated above, Plaintiffs is entitled to damages.

38.     The conduct defendants DEREK THOMAS, JOHN GETTE, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages against each and every aforementioned Defendants.

## FIRST CAUSE OF ACTION

**FOR UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR EXCESSIVE FORCE & DENIAL OF MEDICAL CARE**

**(42 U.S.C. § 1983)**

**(By Plaintiff ALMA MAGDALENO individually and successor in interest to JAVIER GUTIERREZ, Against Defendants DEREK THOMAS, JOHN GETTE, And Does 1 Through 10)**

39.     Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

40.     The shooting of Decedent JAVIER GUTIERREZ by Defendant DEREK THOMAS, JOHN GETTE, and Does 1-5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     On January 29, 2021, Defendants DEREK THOMAS, JOHN GETTE, acting in their individual and/or representative capacity, in the course and scope of their employment with Defendant COUNTY and CHP, acting under color of law, used unreasonable and excessive deadly force and violated the constitutional rights of DECEDENT when he shot and killed DECEDENT.

42.     JAVIER GUTIERREZ who did not present an imminent threat of death or serious bodily injury, and the deadly force used by Defendants DEREK THOMAS, JOHN GETTE, was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

43.     The touchstone of the Fourth Amendment is reasonableness, the deadly force used on DECEDENT was fundamentally unreasonable and in violation of DECEDENT's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

44.     Furthermore, Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, failed to provide objectively reasonable medical care to JAVIER GUTIERREZ after they shot and killed him. Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, inclusive knew that failure to provide medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

45.     Moreover, by virtue of their misconduct, Defendants Does 1 Through 10, inclusive are liable for DECEDENT's tragic death, either because these

Defendants were integral participants in the use of deadly and excessive force, or because they failed to intervene to prevent these violations.

46.     This use of deadly force by Defendants was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

47.     The conduct of Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10.

## SECOND CAUSE OF ACTION

### FOR VIOLATION OF SUBSTANTIVE DUE PROCESS

### (42 U.S.C. § 1983)

### (By ALL Plaintiffs Against Defendants DEREK THOMAS, JOHN GETTE and Does 1 Through 10)

48.     Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

49.     Plaintiffs ALMA MAGDALENO, JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO and IVETH MAGDALENO, as the children and wife of Decedent JAVIER GUTIERREZ, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the JAVIER GUTIERREZ and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, Decedent JAVIER GUTIERREZ.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

50.     Decedent JAVIER GUTIERREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

51.     The aforementioned actions of Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, inclusive, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the familial relationship of DECEDENT.

52.     The conduct of Defendants DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, inclusive shocks the conscience because they acted with a purpose to harm or with deliberate indifference. DEREK THOMAS, JOHN GETTE, and Does 1 Through 10, inclusive either had time to deliberate and then used deadly force that shocks the conscience or acted with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of DECEDENT and Plaintiffs.

53.     Defendants THOMAS, JOHN GETTE and Does 1 Through 10, inclusive, thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

54.     As a direct and proximate result of the actions of Defendants, Plaintiffs ALMA MAGDALENO, JUAN JAVIER MAGDALENO, YOSELIN MAGDALENO and IVETH MAGDALENO suffered the loss of their beloved husband/father, DECEDENT JAVIER GUTIERREZ, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the

1   reasonable value of household services; loss of relationship with DECEDENT,
2   including loss of society and companionship.

3       55.    As a direct and proximate result of the actions of Defendants, Plaintiffs
4   ALMA   MAGDALENO,   JUAN   JAVIER   MAGDALENO,   YOSELIN
5   MAGDALENO and IVETH MAGDALENO as successors in interest to the
6   ESTATE OF DECEDENT JAVIER GUTIERREZ, also claim as damages the loss of
7   the value and enjoyment of the life of JAVIER GUTIERREZ to himself in that his
8   life was cut short by Defendants and DECEDENT JAVIER GUTIERREZ was an
9   otherwise healthy many with many years of expectancy at the time of his death.

10      56.    Plaintiffs ALMA MAGDALENO, JUAN JAVIER MAGDALENO,
11  YOSELIN MAGDALENO and IVETH MAGDALENO by this action, further claim
12  all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs
13  presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

14      57.    The conduct of DEREK THOMAS, JOHN GETTE, and Does 1
15  Through 10, inclusive, was willful, wanton, malicious, and done with reckless
16  disregard for the rights and safety of DECEDENT and Plaintiffs and therefore
17  warrants the imposition of exemplary and punitive damages as to DEREK
18  THOMAS, and Does 1 Through 10, inclusive.

19  **THIRD CAUSE OF ACTION**
20  **RATIFICATION CAUSING CONSTITUTIONAL VIOLATIONS**
21  **(42 U.S.C. § 1983)**
22  **(By Plaintiff ALMA MAGDALENO as successor in interest to JAVIER**
23  **GUTIERREZ, Against Defendant COUNTY)**

24      58.    Plaintiffs repeats and re-alleges each allegation in all the preceding
25  paragraphs of this Complaint with same force and effect as if fully set forth herein.

26      59.    Defendants THOMAS, and Does 1 Through 10, inclusive acted under
27  color of law.

28

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

60.     The acts of the individual defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

61.     Upon information and belief, a final policymaker, within COUNTY, acting under color of law, who had final policymaking authority concerning the acts of the individual defendants, ratified the acts of the defendants' acts and the bases for their acts.

62.     Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

63.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendants were "within policy."  The final policymaking authority approved of the shooting by Defendant THOMAS that was an outside of policy shooting under the law and POST standards.

64.     By reason of the aforementioned acts and omissions, Plaintiff ALMA MAGDALENO suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

65.     Accordingly, Defendants COUNTY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983

**FOURTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

**(42 U.S.C. § 1983)**

**(By Plaintiff ALMA MAGDALENO as successor in interest to JAVIER GUTIERREZ, Against Defendant COUNTY)**

66.     Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

67.     The tragic shooting death of JAVIER GUTIERREZ by Defendants THOMAS, is one but many of tragic shooting deaths caused by reckless and inhumane deputies within the COUNTY.

68.     On and for some time prior to January 29, 2021 (and continuing to the present date), Defendants COUNTY, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Permitting their law enforcement officers from shooting inside a vehicle occupied by persons, such as DECEDENT, who were not an imminent threat of death or serious bodily injury;

B. Employing and retaining as police officers, deputies, and other personnel, including Defendants THOMAS, whom Defendant COUNTY, and Does 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written policies, including the use of excessive force;

C. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY and employees and other personnel, including Defendants THOMAS, whom Defendants COUNTY and Does 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

D. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants THOMAS, who are police officers and/or agents of COUNTY;

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

E. By failing to discipline COUNTY officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

F. By ratifying the intentional misconduct of THOMAS and other COUNTY officers' and/ or agents, who are COUNTY officers and/or agents of COUNTY;

G. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants COUNTY and Does 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

H. By failing to properly investigate claims of unlawful detention and excessive force by COUNTY deputies.

69.    By reason of the aforementioned policies and practices of Defendants COUNTY, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its peace officers to use unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had fired no shots with no punishment for the involved peace officers was a moving force that caused Defendants THOMAS to use unreasonable deadly force on DECEDENT, who was also unarmed and fired no shots at Defendants nor otherwise, presented an imminent danger to Defendants or others.

70.    Defendants COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions

and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

71.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and Does 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

72.    By reason of the aforementioned acts and omissions of Defendants COUNTY, Plaintiff was caused to incur damages as stated elsewhere herein.

73.    By reason of the aforementioned acts and omissions of Defendants COUNTY, Plaintiff suffered and continues to suffer loss of love, companionship, affection, comfort, care, society, and future support.

74.    Accordingly, Defendants COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

75.    Plaintiff seek both wrongful death damages and survival damages under this claim.  Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

<u>**FIFTH CAUSE OF ACTION**</u>

**MUNICIPAL LIABILITY FOR FAILURE TO TRAIN**

**(42 U.S.C. § 1983)**

**(By Plaintiff ALMA MAGDALENO as successor in interest to JAVIER GUTIERREZ, Against Defendant COUNTY)**

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

76.     Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

77.     At all relevant times, Defendants THOMAS, and DOES 6-10, inclusive, acted under color of law.

78.     The acts of Defendants THOMAS, and DOES 6-10, inclusive, deprived Plaintiffs of his rights under the United States Constitution and aforementioned statutes.

79.     The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal with.

80.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

81.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendants. That is, the COUNTY failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused Plaintiffs' ultimate injury.

82.     More specifically, Defendant COUNTY failed to train or ensure that Defendants remained compliant with Defendant COUNTY's training to not use excessive force, not shoot at vehicles, and/or not use deadly force on individuals who are not presenting an imminent threat of death or serious bodily injury.

83.     By reason of the aforementioned acts and omissions, Plaintiffs has suffered damages according to proof a trial.

84.     Accordingly, Defendant COUNTY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.  Plaintiffs also seeks attorneys' fees under this claim.

///

///

**SIXTH CAUSE OF ACTION**

**FOR BATTERY CAUSING WRONGFUL DEATH**

**(Cal. Govt. Code §815; 820 And California Common Law)**

**(By Plaintiff ALMA MAGDALENO individually and successor in interest to**

**JAVIER GUTIERREZ, Against Defendants DEREK THOMAS, JOHN**

**GETTE, And Does 1 Through 10)**

85.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

86.     Defendants THOMAS, and DOES 1 Through 5, inclusive, while working as deputies for COUNTY OF RIVERSIDE, and acting within the course and scope of their duties, intentionally shot DECEDENT JAVIER GUTIERREZ. Defendants THOMAS, and DOES 1 Through 5, inclusive had no legal justification for using force against DECEDENT and the use of force was excessive and unreasonable.

87.     Defendants JOHN GETTE, and DOES 6 Through 10, inclusive, while working as officers for CHP, and acting within the course and scope of their duties, intentionally shot DECEDENT JAVIER GUTIERREZ. Defendants JOHN GETTE, and DOES 6 Through 10, inclusive had no legal justification for using force against DECEDENT and the use of force was excessive and unreasonable.

88.     At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive committed an unconsented touching of DECEDENT and battered him when they used unreasonable and excessive deadly force when they shot DECEDENT to death.

89.     As a direct and proximate result of the actions of Defendants, Plaintiff suffered the loss of her husband, DECEDENT JAVIER GUTIERREZ, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care,

assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, <u>California Code of Civil Procedure</u> Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)".

90.   COUNTY OF RIVERSIDE and CHP are vicariously liable for the wrongful acts of Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiff brings her claim individually as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE OF JAVIER GUTIERREZ, and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

91.   The conduct of Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff individually and as a successors-in-interest to Decedent, to an award of exemplary and punitive damages as to Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive.

<strong><u>SEVENTH CAUSE OF ACTION</u></strong>

<strong>FOR NEGLIGENCE CAUSING WRONGFUL DEATH</strong>

<strong>(By Plaintiff ALMA MAGDALENO individually and successor in interest to JAVIER GUTIERREZ, Against Defendants DEREK THOMAS, JOHN GETTE, And Does 1 Through 10)</strong>

92.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

93.    The actions and inactions of Defendants, including the actions of Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, were negligent and reckless.

94.    At all times herein mentioned, among other things, Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive owed a duty to Plaintiffs, by virtue of their positions as law enforcement officers, but Defendants, and each of them, clearly breached their duty.

95.    Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive duty included to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable."

96.    Defendants THOMAS, JOHN GETTE and DOES 1 Through 10, inclusive, further breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

   A. The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT JAVIER GUTIERREZ;

   B. The negligent tactics and handling of the situation with DECEDENT JAVIER GUTIERREZ, including pre-shooting negligence;

   C. The failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

D. The negligent detention, arrest, and use of force, including deadly force, against DECEDENT JAVIER GUTIERREZ;

E. The failure to provide prompt medical care to DECEDENT JAVIER GUTIERREZ;

F. The failure to properly train and supervise employees, both professional and non-professional, including Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, including, but not limited to the failure to train to follow the Manual of Policies and Procedures within their department;

G. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT JAVIER GUTIERREZ; and

H. The violation of Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to vehicle pursuits, tactics and use of force.

97.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

98.    As a direct and proximate result of the actions of Defendants, Plaintiffs suffered losses, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including

1 under California's "Wrongful Death" statue,  <u>California Code of Civil Procedure</u>

2 <u>Section 377.60, et seq.</u> and CACI 3921 "Wrongful Death (Death of an Adult)."

3     99.   The COUNTY and CHP are vicariously liable for the wrongful acts of

4 Defendants THOMAS, JOHN GETTE and DOES 1 Through 10, inclusive, pursuant

5 to sections 815.2(a) and 820 of the California Government Code, which provides that

6 a public entity is liable for the injuries caused by its employees within the scope of

7 the employment if the employee's act would subject him or her to liability.

8     100.  The conduct of Defendants THOMAS, JOHN GETTE and DOES 1

9 Through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a

10 conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff,

11 individually and as successor-in-interest to DECEDENT, to an award of exemplary

12 and punitive damages as to individual Defendants THOMAS, JOHN GETTE and

13 DOES 1 Through 10, inclusive.

14     101.  Plaintiff brings her claim, individually as an heirs at law of DECEDENT

15 in wrongful death and as successors-in-interest to the DECEDENT and to The

16 ESTATE OF JAVIER GUTIERREZ, and in each case, seeks both survival and

17 wrongful death damages for the violation of DECEDENT's rights.

18 **<u>EIGHTH CAUSE OF ACTION</u>**

19 **NEGLIGENT TRAINING AND SUPERVISION**

20 **(By Plaintiff ALMA MAGDALENO individually and successor in interest to**

21 **JAVIER GUTIERREZ, Against Defendants COUNTY, CHP, And Does 1**

22 **Through 10)**

23     102.  Plaintiffs repeats and re-alleges each allegation in all the preceding

24 paragraphs of this Complaint with same force and effect as if fully set forth herein.

25     103.  Plaintiff alleges that at all times mentioned herein, Defendants

26 THOMAS, JOHN GETTE and DOES 1 Through 5, inclusive, were agents and

27 employees of Defendants COUNTY and CHP, and DOES 6 through 10, inclusive,

28 and that Defendant THOMAS, JOHN GETTE and DOES 1 Through 5, inclusive,

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

1  performed the acts herein while in the course and scope of their agency and

2  employment of said Defendants COUNTY and CHP at the time of the subject

3  incident. Moreover, Plaintiff contends said misconduct was authorized, ratified,

4  adopted and/or approved of by Defendants COUNTY and CHP and DOES 6 through

5  10, inclusive.

6      104.  Plaintiff also contends that Defendants are vicariously liable for the

7  tortious shooting death of Defendant JAIVER GUTIERREZ flowing from

8  Defendants THOMAS, JOHN GETTE and DOES 1 Through 5, employment with

9  Defendants COUNTY and CHP while acting in the course and scope of their

10  employment.

11      105.  The employees and/or agents of Defendants COUNTY and CHP have a

12  special relationship with Plaintiff, which imposes upon them an affirmative duty to

13  take reasonable steps to protect him from reasonably foreseeable risks of harm.

14      106.  As a peace officers, Defendants THOMAS, JOHN GETTE and DOES

15  1 Through 5, was in a position of authority, trust, and influence over DECEDENT as

16  well as other members of the public.

17      107.  Defendant THOMAS, JOHN GETTE and DOES 1 Through 5, were

18  agents and employees of Defendants, COUNTY and CHP responsible for

19  maintaining the special relationship with members of the public.

20      108.  By virtue of Defendant THOMAS, JOHN GETTE and DOES 1

21  Through 5, using excessive and deadly force upon DECEDENT, such was an abuse

22  of his authority, position of authority, trust, and influence as agents and employees

23  of Defendants COUNTY and CHP.

24      109.  The employees and/or agents of Defendants COUNTY and CHP owed

25  a duty of care in training its personnel, which includes, but is not limited to,

26  Defendants THOMAS, JOHN GETTE and DOES 1 Through 5, in order to protect

27  members of the public from being subjected to unreasonable and excessive force.

28

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

110.   Defendants COUNTY and CHP and DOES 6 through 10, inclusive neither had in place nor implemented an adequate system or procedure for training and supervising employees and/or agents to prevent their officers from using excessive and deadly force. Defendants COUNTY and CHP thereby failed to use reasonable care to prevent the misconduct of their agents such as THOMAS, JOHN GETTE and DOES 1 Through 5.

111.   Defendants COUNTY and CHP are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff's harm. Additionally, Defendants were obligated to follow the Police Officer Standards and Training standards set forth and promulgated pursuant to Title 11 of Divisions 2 and 3 of the California Code of Regulations (CCR).  11 CCR Section 1005 Minimum Standards of Training requires training to POST certified standards.  Plaintiffs allege that Defendants COUNTY and CHP did not sufficiently train and supervise the individual Defendants.  11 CCR Section 1052 Requirements for Course Certification, including "Course Content" required Defendants COUNTY and CHP to train and supervise the individual Defendants as to POST standards and Learning Domains, including for tactics, use of deadly force, non-deadly force, less-than-lethal force and did not sufficiently train and supervise the individual Defendants as to POST standards and Learning Domains.

112.   As a direct and proximate result of the negligence of Defendants COUNTY and CHP, Plaintiff suffered damages.

## NINTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1

### (Tom Bane Act Violations)

### (By Plaintiff ALMA MAGDALENO individually and successor in interest to JAVIER GUTIERREZ, Against Defendants DEREK THOMAS, JOHN GETTE, And Does 1 Through 10)

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

113.   Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

114.   This action is brought pursuant to section 52.1 of the California Civil Code.  The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

115.   At all times mentioned herein, Defendants THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, were acting within the course and scope of their employment and/or agency with Defendant COUNTY OF RIVERSIDE and CHP. As such Defendant COUNTY OF RIVERSIDE and CHP are liable in respondent superior for the injuries caused by the acts and omissions of Defendants THOMAS, JOHN GETTE and DOES 1 Through 10, inclusive, pursuant to section 815.2 of the California Government Code.

116. Upon information and belief, on January 29, 2021, JAVIER GUTIERREZ was not presenting an imminent threat of death or serious bodily injury when he was sitting in his pick-up struck.

117.   Instead of lawfully carrying out their duties, Defendant THOMAS, JOHN GETTE, and DOES 1 Through 10, inclusive, interfered, or at least attempted to, with JAVIER GUTIERREZ's right, as guaranteed by the Constitution, to be free from unreasonable searches and seizures by threat, intimidation, and coercion as illustrated by shooting and killing JAVIER GUTIERREZ when JAVIER GUTIERREZ did not present an imminent threat of death of serious bodily injury to THOMAS, JOHN GETTE and DOES 1 Through 10, inclusive, or the public.

118.   Upon information and belief, Defendant THOMAS, JOHN GETTE, and DOES 1 Through 10, interfered, or at least attempted to, with JAVIER

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

1   GUTIERREZ's constitutional rights by threat, intimidation, and coercion by shooting

2   and killing JAVIER GUTIERREZ while he was sitting his pick-up truck.

3       119.   DECEDENT JAVIER GUTIERREZ was subjected to excessive force

4   by Defendants THOMAS, JOHN GETTE and DOES 1 Through 10, inclusive, in the

5   form of gunshots fired by said defendants which struck JAVIER GUTIERREZ and

6   caused him serious personal injuries from which he eventually died. The shooting

7   was unreasonable and unwarranted as the circumstances under which the shooting

8   occurred did not require the use of any force whatsoever. As an unreasonable use of

9   force, the shooting constituted a violation of JAVIER GUTIERREZ's constitutional

10  rights against unreasonable searches and seizures protected by the Constitution of the

11  State of California.

12      120.   All of the above acts and omissions of Defendants THOMAS, JOHN

13  GETTE and DOES 1 Through 10, inclusive, were made with the intention to interfere

14  with JAVIER GUTIERREZ's rights in the form of threats, intimidation, and

15  coercion.

16      121.   All of the above acts and omissions of Defendants THOMAS, JOHN

17  GETTE and DOES 1 Through 10, inclusive, were willful, wanton, malicious and

18  oppressive thereby justifying the awarding of exemplary and punitive damages to

19  Plaintiffs as to said defendants.

20      122.   As a proximate result of the acts of Defendants THOMAS, JOHN

21  GETTE and DOES 1 Through 10, inclusive, JAVIER GUTIERREZ suffered

22  multiple gunshot wounds which caused him severe injuries from which he eventually

23  died.

24      123.   The above acts of defendants violated JAVIER GUTIERREZ's civil

25  rights as protected by section 52.1 of the Civil Code.

26      124.   As such, Plaintiff is entitled to compensatory damages according to

27  proof, including those permitted by Section 52 of the Civil Code, punitive and

28  exemplary damages, the costs of suit incurred in this action, reasonable attorney's

fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For punitive damages against the individual defendants only as to the first, sixth, seventh, eighth and ninth claims for relief only in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act and other state statutes;

I. For all other damages allowed under federal and state law and;

J. For such further other relief as the Court may deem just, proper, and appropriate.

1  Respectfully Submitted,

2  Dated:  April 25, 2022

3

4                **GUIZAR, HENDERSON & CARRAZCO, LLP**

5

6                /S/ Kent M. Henderson

7         By:  _____

8                HUMBERTO GUIZAR
                 CHRISTIAN CONTRERAS

9                KENT M. HENDERSON

10

11             **<u>DEMAND FOR JURY TRIAL</u>**

12      Plaintiffs hereby demand a trial by jury.

13  Dated:  April 25, 2022

14

15                **GUIZAR, HENDERSON & CARRAZCO, LLP**

16

17                /S/ Kent M. Henderson

18         By:  _____

19                HUMBERTO GUIZAR
                 CHRISTIAN CONTRERAS

20                KENT M. HENDERSON

21

22

23

24

25

26

27

28

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**