Kent M. Henderson, Esq. (SBN 139530) hendolaw@gmail.com
Angel Carrazco, Jr. Esq. (SBN 230845) angel@carrazcolaw.com
**GUIZAR, HENDERSON & CARRAZCO, LLP**
18301 Irvine Boulevard
Tustin, CA  92780
Telephone: (714) 541-8600
Facsimile:  (714) 541-8601

Attorneys for Plaintiffs

ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9567
  Fax:          (619) 645-2581
  E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants California Highway Patrol and John Gette*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

1

ALMA L. FIGUEROA DE
MAGDALENO, individually, and as
Successor, in interest to JAVIER
MAGADALENO GUTTIERREZ, JUAN
JAVIER MAGDALENO, Individually
YOSELIN MAGDALENO and IVETH
MAGDALENO, Individually,

    Plaintiffs,

     v.

COUNTY OF RIVERSIDE, a legal
subdivision of the state of California;
CALIFORNIA HIGHWAY PATROL, a
governmental agency of the state of
California; DEREK THOMAS; an
individual, JOHN GETTE, an individual;
and DOES 1 through 10, inclusive.

    Defendants.

**CASE NO.: 5:21-cv-02027-JGB (SHKx)**
[The Hon. Jesus G. Bernal]

**PARTIES' [PROPOSED[ FINAL
JOINT PRETRIAL CONFERENCE
ORDER**

Pre-Trial Con. Date: October 2, 2023
Time:     11:00 a.m.
Courtroom:   1

Trial Date: October 24, 2023
Time:  9:00 a.m.
Courtroom: 1

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. Proc. and Central District Local Rule 16:

  IT IS ORDERED:

## I.  THE PARTIES

    a. ALMA L. FIGUEROA DE MAGDALENO, individually, and as Successor, in interest to JAVIER MAGADALENO GUTTIERREZ, JUAN JAVIER MAGDALENO, Individually; YOSELIN MAGDALENO and IVETH MAGDALENO, Individually ,

    b. Defendants: CALIFORNIA HIGHWAY PATROL and JOHN GETTE.

  Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraphs are now dismissed.

The pleadings which raise the issues are: Plaintiffs' Second Amended Complaint for Damages (ECF No. 34),  Defendants California Highway Patrol's Answer to  Second Amended Complaint (ECF No. 35), and Defendant John Gette's Answer to Second Amended Complaint ECF No. 44.).

## II.     FEDERAL JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the grounds:

The parties stipulate that the Court has jurisdiction over federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. The parties agree the venue is proper pursuant to 28 U.S.C. §§1391.

## III.    TRIAL ESTIMATE

The parties request a jury trial. Plaintiffs' estimate the trial is approximately three to four (3-4) court days, including voir dire and deliberations.

Defendants estimate that the trial will take approximately 4-5court days, not including jury selection and deliberations.

## IV.    JURY TRIAL

The trial is to be by jury.

The parties have filed their Memoranda of Contentions of Fact and Law, their Witness lists and Exhibit lists. At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

## V.     ADMITTED FACTS

Plaintiffs contend these facts are admitted and require no proof (Defendants may amend this and the parties will continue to meet and confer):

1. Officer John Gette is an officer with the California Highway Patrol ("CHP").

2. All times relevant, Officer John Gette was acting under color of law.

3. On January 29, 2021, Officer John Gette, in concert with CHP Officers Alfredo Silva and Ramon Perez, and with deputies of the Riverside County Sheriff's Department ("RCSD"), were engaged in a pursuit of decedent, Javier

Magdaleno.

4.  The pursuit ended near the intersection of Jefferson Street and Avenue 48.

5.  RCSD Deputy Derek Thomas fired nine (9) shots at the truck occupied by Decedent, Javier Magdaleno.

6.  Officer John Gette fired eleven (11) shots at the truck occupied by Decedent, Javier Magdaleno, in two separate volleys.

7.  Officer John Gette fired the fatal shot at Decedent, Javier Magdaleno.

8.  Decedent, Javier Magdaleno was sixty-one (61) years old on January 29, 2021.

## VI.   STIPULATED FACTS

Plaintiffs are not seeking economic damages for loss of income or loss of financial support.  Plaintiffs are seeking noneconomic damages for the pain, suffering and disfigurement of the decedent; the loss of love, aid, comfort, society, affection and guidance of decedent; and punitive damages against the individual defendant.

## VII.   CLAIMS AND DEFENSES OF THE PARTIES

## A.   PLAINTIFFS:

1.  **List of Plaintiffs' Claims**

Plaintiffs will pursue the following claims against the following Defendants:

a)  Unreasonable Search and Seizure (42 U.S.C. §1983) (against Defendant, JOHN GETTE);

b)  Battery by a Police Officer (Deadly Force) (against Defendant, JOHN GETTE);

c)  Negligence (against Defendant, JOHN GETTE); and

d)  Violation of Civil Code §52.1 [Tom Bane Act Violation] (against Defendant, JOHN GETTE).

\\

\\

## 2. **Elements and Key Pieces of Evidence Regarding Plaintiffs' Claims**

The elements required to establish Plaintiffs' claims, and the key pieces of evidence upon which Plaintiffs intend to rely for each element, are as follows. Where the parties disagree as to the elements of a claim, the parties have included each side's positions.

### i. **Unreasonable Search and Seizure and Excessive Force (42 U.S.C. §1983) (Claim No. 1)**

#### (1) **Elements: Plaintiffs' Position**

Plaintiffs contend Defendant, JOHN GETTE used excessive force against Decedent, JAVIER MAGDALENO in violation of his Fourth Amendment rights and 42 U.S.C. §1983.

Elements:

    i.  Defendant, JOHN GETTE acted under color of state law;

    ii.  Defendant, JOHN GETTE used excessive force against Plaintiff's Decedent, JAVIER MAGDALENO;

    iii.  The excessive force was a cause of injury, damage, loss, or harm to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.25 Unreasonable Seizure of Person – Excessive (Deadly and Nondeadly) Force.

#### (2) **Elements: Defendants' Position**

The elements of a section 1983 excessive force claim arising under the Fourth Amendment are:

1. Defendant John Gette acted under color of state law;

2. Defendant John Gette intentionally seized decedent's person;

3. The use of force was objectively unreasonable under all of the circumstances;

4. The use of force caused decedent/plaintiff harm;

With consideration of the following factors:

a. the nature of the crime or other circumstances known to Defendant, Officer Gette at the time force was applied;

b. Whether Decedent, Javier Magdaleno posed an immediate threat to the safety of Defendant, Officer John Gette or to others;

c. Whether Javier was actively resisting arrest or attempting to evade arrest by flight;

d. the amount of time Defendant, Officer Gette had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

e. The relationship between the need for the use of force and the amount of force used;

f. The extent of the Decedent's injury;

g. Any effort made by the officer to temper or to limit the amount of force;

h. The severity of the security problem at issue;

i. The availability of alternative methods to take Javier into custody;

j. The number of lives at risk (motorists, pedestrians, peace officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

k. Whether it was practical for Defendant, Officer Gette to give warning of the imminent use of force, and whether such warning was given;

l. Whether it should have been apparent to the officer that the person he used force against was emotionally disturbed;

m. Whether a reasonable officer would have or should have accurately perceived a mistaken fact;

n. whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm;

o.   Whether the officers and deputies were responding to a domestic violence disturbance.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.3, 9.25.

### (3)   <u>**Key Evidence on Which Plaintiffs Intend to Rely**</u>

Key Evidence.  Plaintiffs rely on the following key evidence for Plaintiffs' claims:

A. The testimony of:

a.   John Gette;

b.   Riverside County Coroner Dr. Mark Fajardo, M.D.;

c.   Riverside County Sheriff's Department Deputy Derek Thomas;

d.   Independent Witness Larry Tashman;

e.   Independent Witness Sharon Bailey-Comes;

f.   Independent Witness Ryan Wooten;

g.   Independent Witness Mauricio Lopez-Castro;

h.   Independent Witness Sandra Marroquin*;

i.   Independent Witness Monica Marquez*;

j.   Forensic Technician Land #N4213;

k.   Forensic Technician Supervisor Pablo #N4279;

l.   Forensic Technician Mercado #N4095;

m. Investigator Castenada of MCB-CHU;

n.   Investigator Kelley Nava ID #KN190;

o.   Forensic Technician Yesika Alvarado #N6517;

p.   CHP Officer Ramon Perez;

q.   CHP Officer Alfredo Silva;

r.   Plaintiff's police practices expert, Roger Clark;

s.   Plaintiff and Decedent's family members.

"*" = witness may be called if need arises.

6

B. The Exhibits:

    a. Mobile Video Audio Recording System ("MVARS") of California Highway Patrol ("CHP") Officer Ramon Perez;

    b. MVARS of CHP Officer Alfredo Silva (total of three (3) videos);

    c. MVARS of CHP Officer John Gette;

    d. Riverside County Sheriff Incident Report with corrected transcript of recorded statement of John Gette taken of February 2, 2021 (and corrected on 04/06/2021) (COR 000047 – COR 000077);

    e. Riverside County Sheriff Incident Report with corrected transcript of recorded statement of Riverside County Sheriff's Department Deputy Derek Thomas taken on February 2, 2021 (and corrected on 08/03/2021) (COR 001507 – COR 001547);

    f. Selected Photographs of the scene of the January 29, 2021 Incident;

    g. Selected Photographs of the scene post-shooting;

    h. Selected Photographs of Decedent, JAVIER MAGDALENO at the scene post-shooting;

    i. Photographs depicting the bullet trajectories fired into Decedent, JAVIER MAGDALENO's truck;

    j. Reports describing evidence and all bullet strikes into Decedent, JAVIER MAGDALENO's truck;

    k. Exhibits to depositions of independent witnesses;

    l. Exhibits to depositions of CHP Officer Defendant John Gette;

m. Exhibits to deposition of Riverside County Sheriff's Department Deputy Derek Thomas;

n. Autopsy photographs of Decedent, JAVIER MAGDALENO;

o. Autopsy Report for Decedent, JAVIER MAGDALENO by County of Riverside Coroner Dr. Mark Fajardo, M.D.;

p. Photographs and videos of Decedent, JAVIER MAGDALENO, while alive.

**(4)   <u>Key Evidence on Which Plaintiffs Intend to Rely</u>**

Key Evidence. Defendants rely on the following key evidence in defense against Plaintiffs' claims:

C. The testimony of:

a. CHP Officer John Gette;

b. Riverside County Coroner Dr. Mark Fajardo, M.D.;

c. Riverside County Sheriff's Department Deputy Derek Thomas;

d. Witness Larry Tashman;

e. Witness Sharon Bailey-Comes;

f. Witness Ryan Wooten;

g. Witness Mauricio Lopez-Castro;

h. Witness Sandra Marroquin;

i. Witness Monica Marquez;

j. Witness Douglas Emberton

k. CHP Officer Ramon Perez;

l. CHP Officer Alfredo Silva;

m. Defendants' police practices expert Robert Fonzi;

n. Plaintiff Yoselin Magdaleno

8

**FINAL PRETRAL CONFERENCE ORDER**

o.  Plaintiff Juan Javier Magdaleno.

p.  Riverside Sheriff's Investigator Daniel Moody*

q.  Riverside DA Investigator Kelly Nava*

r.  CHP Dispatcher Rita M. Perez-Figueroa*

s.  CHP Dispatcher Michael Smith*

t.  Deputy Coroner Stephanie Anderson*

u.  Sheriff's Investigator D. Barker (5435)*

v.  Lisa Land Forensic Tech II (N4213)*

w.  Deputy Investigator P. Burgie (3642)*

x.  Deputy B. Hubbard (5214)*

y.  DA Investigator Jeremy Herrick (DA 384)*

z.  Sheriff's Deputy J. Montalvo (5018)*

aa. Investigator S. McAllen (3138)*

"*" = witness may be called if need arises.

D. The Exhibits:

a.  Mobile Video Audio Recording System ("MVARS") of California Highway Patrol ("CHP") Officer Ramon Perez;

b.  MVARS of CHP Officer Alfredo Silva (total of three (3) videos);

c.  MVARS of CHP Officer John Gette;

d.  Riverside County Sheriff Incident Report with corrected transcript of recorded statement of John Gette taken of February 2, 2021 (and corrected on 04/06/2021) (COR 000047 – COR 000077);

e.  Riverside County Sheriff Incident Report with corrected transcript of recorded statement of Riverside County Sheriff's Department Deputy Derek Thomas

9

taken on February 2, 2021 (and corrected on 08/03/2021) (COR 001507 – COR 001547);

f. Audio Recording (162 Audio re Interview of Dep. Derek Thomas by Inv. Moody; 012921.mp3)

g. Photographs of the scene of the January 29, 2021 Incident;

h. Kelly Nava Report and Transcript of 02/01/2021 Interview Alfredo Silva (COR 1987-2012)*

i. Report and Transcript of 02/02/2021 Interview of Officer Ramon Perez (COR 78-101)*;

j. Report of Supplemental Interview of Officer Gette (COR 189-191)

k. Photographs of the scene post-shooting (COR 507, 508, 509, 510, 513, 515, 516, 517, 528);

l. Exhibits 3, 5, 7 to deposition of Douglas Embertson*;

m. Exhibits 3, 4, 5, 6 to deposition of Juan Javier Magdaleno*.

n. Exhibits 2-5 to Alma Magdaleno Deposition.

o. Exhibits to Monica Marquez Depostion.

p. Exhibits to Sharon Bailey Cones Deposition

q. Exhibits to depositions of CHP Officer Defendant John Gette;

r. Exhibits to deposition of Riverside County Sheriff's Department Deputy Derek Thomas*;

s. Exhibits to Ryan Wooten Deposition*;

t. Photos of JWC Truck (COR 738, 744, 812, 813);

u. Photos of Javier Magdaleno's Truck (COR 990, 992, 993, 1002, 1096, 1097, 1141, 1256;

10

**FINAL PRETRAL CONFERENCE ORDER**

    v.  Deputy Aderson photos: 81, 82, 84, 86, 89, 90, and 92 of 93 from Set 110 Photos.

    w.  Autopsy Report for Decedent, JAVIER MAGDALENO by County of Riverside Coroner Dr. Mark Fajardo, M.D.;

    x.  Javier Magdaleno Toxicology Reports (COR 163-167)*;

    y.  Picture of weapon found at the scene post shooting;

    z.  Report and Transcript of 01/29/2021 Interview of Yoselin Magdaleno (COR 1-41)*;

    aa. Digital Recording (168.Audio Interview – 1 of Yoselin Magdaleno by Inv. Moody; 012921.mp3)*;

    bb. Digital Recording (168.Audio Interview – 2 of Yoselin Magdaleno by Inv. Moody; 012921.mp3)*;

    cc. Moody Report re 01/29/2021 Interview Yoselin Magdaleno (COR 195-199)*;

    dd. Certified CHP Incident Detail Report (CAD Log for 01/29/2021 Incident);

    ee. Moody Report re CHP CAD/Incident Report (COR 343-350)*;

    ff. Audio Recording (100.Audio Radio Traffic RSO at Rite-Aid: 012921.wav);

    gg. Moody Report and Transcript of CHP Radio Traffic (COR 1866-1880) 100.Audio;

    hh. Audio Recording (101 CHP Radio Traffic re DV at Rite-Aid; 012921.wav;

ii. Report Investigator McAnallen re 01/29/2021 Interview of Rite Aid Employees Monica Marquez, Lisa Sanchez (COR 1843-1847)*;

jj. Audio Recording (153.Audio Radio Traffic re Call from Rite-Aid re Women Stating Husband Trying to Kill Her; 012921);

kk. Moody Report Re Transript of RSO Radio Traffic (COR 253-271) 153 Audio;

ll. 101.Audio CHP Radio Traffic re DV at Rite-Aid; 012921.wav;

mm. 092.Video Surveillance from Rite-Aid; 012921.avi;

nn.Report of 01/29/2021 Interviews of Mauricio Castro and Sharon Bailey-Cones (COR 1835-1840)*;

oo.Photos of Javier Magdaleno's rifle at scene (COR 479, 480, and 535)*;

pp.Investigator Burgie Report re Interview of Larry Tashman (COR 382-388)*;

qq.Investigator Barker Report re Interview of Douglas Emberton (COR 434-437)*;

rr. Report Regarding 02/16/2021 Test Fire of Suspect's Rifle by DA Inv. Jeremy Herrick (COR 200-205)*

ss. Report of Lisa Land, Forensic Technician II re Taking Aerial Photographs of scene on 1/29/2021 (COR 1971-1972)*;

tt. Report of Lisa Land, Forensic Technician II re Taking Scene Photographs (COR 1973-1974)*;

uu.173.Video BWC-3 from Dep. Burgie re Statement of Tasman*;

12

**FINAL PRETRAL CONFERENCE ORDER**

vv. 177. Video BWC-4 from Deputy Stewart re Interview of Mauricio Lopez*;

"*" = Exhibit may be introduced if needed.

### ii. <u>Battery by a Peace Officer (Deadly Force) (Claim No. 6)</u>

#### (1) <u>Elements:  Plaintiffs' Position</u>

#### (1) Battery By A Peace Officer (CACI 1305B)

1. That Defendant, Officer Gette intentionally touched Decedent, Javier Magdaleno or caused Decedent, Javier Magdaleno to be touched;

2. That Defendant, Officer Gette used deadly force on Decedent, Javier Magdaleno;

3. That Defendant, Officer Gette's use of deadly force was not necessary to defend human life;

4. That Decedent, Javier Magdaleno was killed; and

5. That Defendant, Officer Gette's use of deadly force was a substantial factor in causing Decedent, Javier Magdaleno's death.

*See* CACI 1305(B) Battery by Peace Officer -- Essential Factual Elements (Judicial Council of California Civil Jury Instructions (2022 edition)).

#### (2) <u>Elements:  Defendants' Position</u>

Defendant agrees the elements stated above from CACI 1305 are correct, subject to the additional language provided in CACI 1305B, as stated in the parties' joint proposed instructions.

#### (3) <u>Key Evidence on Which Plaintiffs Intend to Rely</u>

Plaintiffs rely on the same key evidence referred to for Claim No. 1.

#### (4) Key Evidence on Which Defendants Intend to Rely:

Defendants rely on the same key evidence referred to for Claim No. 1.

### iii.  **Negligence (Claim No. 7)**

#### (1)  **Elements:  Plaintiffs' Position**

Plaintiffs contend that Defendant, JOHN GETTE (pursuant to Gov. Code §815.2) used negligent deadly force in arresting or detaining Decedent, JAVIER MAGDALENO while Defendant, JOHN GETTE acted in the Course and Scope of their employment with the CALIFORNIA HIGHWAY PATROL.

Elements:

1.     That Defendant, JOHN GETTE was a peace officer;

2.     That Defendant, JOHN GETTE used deadly force on Decedent, JAVIER MAGDALENO;

3.     That Defendant, JOHN GETTE use of deadly force was not necessary to defend human life;

4.     That Decedent, JAVIER MAGDALENO was killed; and

5.     That Defendant, JOHN GETTE of deadly force was a substantial factor in causing Decedent, JAVIER MAGDALENO's death.

Defendant, JOHN GETTE'S use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant, JOHN GETTE at the time, that deadly force was necessary either:

To defend against an imminent threat of death or serious bodily injury to Defendant, JOHN GETTE and/or another person.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested or detained has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.  It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person.  An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Defendant, JOHN GETTE and Decedent, JAVIER MAGDALENO leading up to the use of deadly force.  In determining whether Defendant, JOHN GETTE use of deadly force was necessary in defense of human life, you must consider Defendant, JOHN GETTE tactical conduct and decisions before using deadly force on Decedent, JAVIER MAGDALENO and whether Defendant, JOHN GETTE used other available resources and techniques as [an] alternative[s] to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist.  Tactical repositioning or other de-escalation tactics are not retreat.  A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain, or prevent escape, or overcome resistance."

*See* CACI 441 - Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements

### (2)    <u>**Elements: Defendants' Position**</u>

Defendant agrees the elements stated above from CACI 441 are correct.

**(3)** <u>**Key Evidence on Which Plaintiffs Intend to Rely**</u>

Plaintiffs rely on the same key evidence referred to for Claim No. 1.

**(4)** Key Evidence on Which Defendants Intend to Rely:

Defendants rely on the same key evidence referred to for Claim No. 1.

### iv.   <u>Violation of the Bane Act (Claim No. 9)</u>

#### (1)   <u>Elements:  Plaintiffs' Position</u>

Plaintiffs contends that Defendant, JOHN GETTE intentionally interfered with Decedent, JAVIER MAGDALENO's civil rights by threats, intimidation, or coercion.

Elements:

1)   That Defendant, JOHN GETTE acted violently against Decedent, JAVIER MAGDALENO to prevent him from exercising his right to be free from unreasonable seizure.

2)   That Defendant, JOHN GETTE intended to deprive Decedent, JAVIER MAGDALENO of his enjoyment of the interests protected by the right to be free from unreasonable seizure.

3)   That Decedent, JAVIER MAGDALENO was harmed; and

4)   That Defendant, JOHN GETTE conduct was a substantial factor in causing Decedent, JAVIER MAGDALENO's harm.

*See* CACI No. 3066. Bane Act - Essential Factual Elements (Civ. Code, § 52.1). (Judicial Council of California Civil Jury Instructions (2020 edition), revised November, 2018).

#### (2)   <u>Elements:  Defendants' Position</u>

1.   That by threats, intimidation or coercion, Defendant, Officer Gette caused Javier to reasonably believe that if he exercised his right to be free from excessive force, Defendant, Officer Gette would commit violence against him and that Defendant, Officer Gette had the apparent ability to carry out the threats;2.   Defendant Officer Gette acted violently against Javier to

16

**FINAL PRETRAL CONFERENCE ORDER**

prevent him from exercising his right to be free from excessive force to retaliate against Javier for having exercised his right to be free from excessive force.

3.     That Defendant, Officer Gette intended to deprive Mr. Magdaleno of his enjoyment of the interests protected by the right to be free from excessive force.

4.     That Mr. Magdaleno was harmed; and

5.     That Defendant Officer Gette's conduct was a substantial factor in causing Mr. Magdaleno's harm.

**Authority:** CACI 3066, Rev. Nov. 2018.

**(3)     Key Evidence on Which Plaintiffs Intend to Rely**

Plaintiff relies on the same key evidence referred to for Claim No. 1.

(4)     Key Evidence on Which Defendants Intend to Rely:

Defendants rely on the same key evidence referred to for Claim No. 1.

**B. DEFENDANTS' AFFIRMATIVE DEFENSES**

**1.     List of Affirmative Defenses**

Defendants will pursue the following affirmative defenses against Plaintiffs' claims:

(a)     Comparative Fault of Decedent Javier Magdaleno for Plaintiffs' state law claims.

(b)     Qualified Immunity for Defendant John Gette for Plaintiffs' federal claims.

(c)     Immunity under California Government Code § 820.2

**2.     Elements and Key Pieces of Evidence Regarding Defendants' Affirmative Defenses**

The elements required to establish Defendants' affirmative defenses, and the key pieces of evidence upon which Defendants intend to rely for each element, are

as follows.  Where the parties disagree as to the elements of a claim, the parties have included each side's positions.

**(i)** **Comparative Fault of Decedent Mr. Magdaleno**

**(1) Elements Defendants' Position:**

Defendants JOHN GETTE and the CHP claim that Mr. Magdelano's own negligence contributed to his death.  To succeed on this claim, Defendants must prove both of the following:

1.     That Mr. Magdaleno was negligent; and

2.     That MR. Magdaleno's negligence was a substantial factor in causing death.

If Defendants prove the above, Plaintiffs' damages are reduced by the jury's determination of the percentage of Mr. Magdaleno's responsibility.  The Court will calculate the actual reduction.

Authority: CACI 401, Revised Dec. 2009.

**(2) Elements Plaintiffs' Position**

42 U.S.C. §1983 is for intentional violation of civil rights and there is no comparative fault for the federal claim.

**(3)  Key Evidence on Which Defendants Intend to Rely**

Defendants rely on the same key evidence referred to for Plaintiffs' Claim No. 1.

**(4)     Key Evidence on Which Plaintiffs Intend to Rely:**

Plaintiffs rely on the same key evidence referred to for Claim No. 1.

**(ii)** **Qualified Immunity**

**(1) Elements Defendants' Position**

The doctrine of qualified immunity shields a government official from liability for monetary damages unless the plaintiff establishes "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the

time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).

The defense of qualified immunity remains available at trial. *Lampkins v. Thompson*, 337 F.3d 1009, 1014 (8th Cir. 2003); *Hill v. Mckinley*, 311 F.3d 899, 902 (8th Cir. 2002); *Goff v. Bise*, 173 F.3d 1068, 1072 (8th Cir. 1999).  Most likely this defense will be raised in the instant case through Rule 50(a) and (b) motions. However, depending on the outcome of evidence, special interrogatories to the jury may also be proposed to assist the Court in making the determination as to qualified immunity.

### (2)  Elements Plaintiffs' Position

Qualified immunity is an immunity from suit rather than a mere defense to liability and it is effectively lost if the case is permitted to go to trial." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009), citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Therefore, because the immunity is essentially lost if the case goes to trial, no special interrogatories should be submitted to the jury.

Further, juries are finders of fact, and the question of qualified immunity is a legal question that should be resolved as early as possible in litigation. See *Pearson*, 129 S.Ct. at 815.  This protects officers from burdensome discovery and litigation that disrupts the effective function of government, see *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987), and prevents the Court and the parties from wasting time and resources on questions that, as a matter of law, should not be presented to the jury.  Therefore, addressing qualified immunity after a case has gone to trial is contrary to the very purpose of qualified immunity and should only be done in limited circumstances, this not being one of them.

The Jury will already take all the disputed issues of material fact into consideration under the totality of the circumstances in making their decision and filling out the Verdict Form.  If the Defendants argue at trial (as it appears they will) that the Decedent was "pointing a rifle"" and that this was the reason that the

19

Defendants used deadly force that will have already been taken into account in the Jury determining whether Defendants used "excessive" or "unreasonable" force and/or were "negligent."  There is no need or purpose for additional question(s) as it is already addressed in the -- "Did the Defendants use excessive or unreasonable force and/or were negligent?" questions on the Verdict Form.

At various time periods, there were 11 shots fired by Defendant John Gette.  Plaintiffs' Proposed Joint Verdict Form already has the Jury consider Defendant Gette's use of force.  Obviously, counsel for Plaintiff and for Defendants will each present factual evidence, including MVARS Dash Cam Video that will show what Defendant Gette was doing at particular times and what could and could not be seen inside the pick-up truck.  Counsel for Plaintiff and for Defendants will each argue about what the Decedent Gette was doing and whether it was unreasonable so the factual issues will already be before the Jury within their determination of "excessive or unreasonable force and/or negligence."  There is no one question or even a handful of questions that will resolve all of the various disputed issues (that would throw out the jury's entire verdict).  There is simply no need for additional supposed "qualified immunity" questions on the Verdict Form.

Additionally, there is no qualified immunity to the state law claims of Battery and Negligence.  Qualified immunity is a federal immunity that only applies to constitutional violations and does not apply to state law claims.  Which is another reason why the defense of qualified immunity is effectively lost if the case goes to trial and should not be given.

### (3) Key Evidence on Which Defendants Intend to Rely

Defendants rely on the same key evidence referred to for Plaintiffs' Claim No. 1.

### (4)    Key Evidence on Which Plaintiffs Intend to Rely:

Plaintiffs rely on the same key evidence referred to for  Claim No. 1.

### (iii)   Immunity under California Government Code § 820.2

#### (1) Elements Defendants' Position:

The elements for this affirmative defense are:

1.    Defendant exercised discretion in pursuing and using force on decedent;

2.    The discretion was vested in defendant pursuant to his duties as a peace officer.

**Authority:** Cal Gov't Code § 820.2.

#### (2) Elements Plaintiffs' Position

Government Code Section 820.2 as a legal defense (or they could have raised it) Defendant Gette's MSJ has already been opposed and denied and all arguments that were raised or could have been raised merged into and are now barred by the Order Denying MSJ.

Additionally, this 820.2 defense is never any good in an excessive force / Negligence case.  (If 820.2 swallowed up all actions *whether reasonable or not* by a Police Officer, California Jury Instructions, CACI 1305A (Battery by Law Enforcement Officer) and CACI 441 (Negligent Use of Deadly Force), *wouldn't even exist* – but they do and they correctly state the law – 820.2 doesn't apply). Government Code Section 820.2 says "*Except as otherwise provided by statute,* a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Government Code Sections 820 is the -- *otherwise provided by statue* which says – "[e]xcept as provided by statute, a public employee is liable for injury caused by his/her act or omission to the same extent as a private person, and said liability is subject to any defenses that would be available to the public employee if he/she were a private person." Government Code Section 815.2, *is the other except as otherwise provided by statue* which says "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would,

apart from this section, have given rise to a cause of action against that employee or his personal representative."  820 + 815.2 = a public employee is liable to the same extent as a private person and the public entity is liable for the public employee's actions and inactions in the course and scope of employment (*Respondeat Superior*). 820.2 effects this equation not at all.  It is undisputed that Defendant Gette was an employee who is liable to the same extent as a private person for Battery, Negligence and violation of Bane Act (Cal. Civ. Code Section 52.1) (820) and he was working in the course and scope of his employment with Defendant State of California (California Highway Patrol) who is liable for the actions of Defendant Gette (815.2).

It is undisputed that the only rifle fired and caused the death of Decedent Javier was by Defendant Gette and there is no other person. Therefore, the exceptions do not bar Defendant Gette from liability. The law holds that while an officer is able to use force *they cannot use force that's unreasonable*. <u>Scruggs vs. Haynes</u>, 252 Cal.App.2d 256 (1967).  Those that do not use due care, therefore, are not granted any immunity and there is no bar as asserted by Defendants.  As to battery, while a peace officer has the privilege to use reasonable force to affect an arrest, to prevent escape, or to overcome resistance<u>, a Peace Officer is never privileged to use excessive force</u>. *Scruggs vs. Haynes*, 252 Cal.App.2d 256 (1967); *Fobbs vs. Los Angeles*, 154 Cal.App.2d 464 (1957); *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998).

As to negligence, except when otherwise provided by law, public employees in California are statutorily liable to the same extent as private parties for injuries caused by their acts or omissions, subject to the same defenses available to private persons. ); *Hayes v. County of San Diego*, 57 Cal. 4th 622, 628, (2013); *Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996); *Tabares v. City of Huntington Beach,* 988 F.3d 1119, 1125 (9th Cir. 2021), (Gov. Code, Section 820 and 815.2) Additionally, California Jury Instruction CACI 1305A (Battery by Law Enforcement Officer) and

California Jury Instructions CACI 441 (Negligent Use of Deadly Force) exist because there is no immunity for battery or negligence. The MSJ was denied, which was determined as a matter of law because it is for the jury to decide whether the force was unreasonable and whether the tactics were negligent and the proposed Jury Instruction is reversible error to give, as if a Police Officer has the "discretion" to use excessive force and can even (supposedly) "abuse his discretion" and use excessive force.  This is not the law.

Authority: *Scruggs vs. Haynes*, 252 Cal.App.2d 256 (1967); *Fobbs vs. Los Angeles*, 154 Cal.App.2d 464 (1957); *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998). Hayes v. County of San Diego, 57 Cal. 4th 622, 628, (2013); Reynolds v. County of San Diego, 84 F.3d 1162 (9th Cir. 1996); *Tabares v. City of Huntington Beach,* 988 F.3d 1119, 1125 (9th Cir. 2021); Government Code Section 820.2; Government Code Section 815.2; Government Code Section 820.8; California Jury Instruction CACI 1305A (Battery by Law Enforcement Officer); and California Jury Instructions CACI 441 (Negligent Use of Deadly Force).

### (3)  Key Evidence on Which Defendants Intend to Rely

Defendants rely on the same key evidence referred to for Plaintiffs' Claim No. 1.

### (4)    Key Evidence on Which Plaintiffs Intend to Rely:

Plaintiffs rely on the same key evidence referred to for Claim No. 1.

## C. PLAINTIFFS' RESPONSE TO DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs object to the application of any of the Affirmative Defenses based on the evidence and the law. Plaintiffs also note that as to the defense of Qualified Immunity, Defendant's claim of Qualified Immunity was deemed inapplicable as a matter of law by the Court in its ruling on Defendant's Motion for Summary Judgment issued on September 13, 2023.  Plaintiffs also incorporate by reference

Plaintiffs' Objections to Defendants Affirmative Defenses, as stated *supra*

## VIII.  ISSUES TO BE TRIED

    A.    <u>Plaintiffs</u>

    In view of the admitted facts and the elements required to establish the claim, Plaintiffs contend that the following additional issues remain to be tried:

    1.  Whether Defendant, JOHN GETTE used unreasonable or excessive force against Decedent, JAVIER MAGDALENO under the circumstances (4th Amendment claim): whether the force used that caused death was necessary (battery); whether the tactics used negligent (negligence); whether Defendant violated the Bane Act;

    2.  The nature and extent of Plaintiffs' damages caused by Defendants' conduct;

    3.  Whether Defendant, JOHN GETTE's conduct was malicious, oppressive, or in reckless disregard of Decedent, JAVIER MAGDALENO's rights

    4.  If punitive damages are awarded, the amount of punitive damages.

    B.    <u>Defendants:</u>

Defendants contend that the following issues remain to be tried:

    1.  Whether Defendant John Gette's use of force was reasonable under the totality of the circumstances; whether John Gette used force that was reasonably necessary to save him and others from loss of life or serious bodily injury; whether John Gette's tactics and practices were reasonable;

    2.  Whether Defendant John Gette is entitled to qualified immunity.

    3.  Whether decedent Javier Magdaleno was negligent and whether this negligence was a substantial factor in causing his injuries and death, along with the apportionment of his comparative fault.

    4.  Whether plaintiffs and their decedent suffered harm and the amount of damages they may be entitled to.

    5.  Whether Defendant John Gette acted with malice, oppression, or in reckless disregard of Mr. Magdaleno's rights.

6. If punitive damages are awarded, the amount of punitive damages

7. Whether Defendant John Gette exercised discretion (vested in him as a peace officer) in pursuing and using force on decedent;8.  Whether Defendant John Gette violated the Bane Act.

## IX.   DISCOVERY

All discovery is complete.  Plaintiffs hereby object to any evidence presented by Defendants that was not produced in discovery.

## X.   JOINT EXHIBIT LIST

All disclosures under F.R.Civ.P. 26(a)(3) have been made. The Joint Exhibit List and Stipulation of the parties will be concurrently filed under separate cover as required by L.R. 16-6.1 and the Court's Case Management Order (and may be supplemented).  The objections are listed below but the parties propose that the same exhibits that were admitted at the last trial be admitted again.

In terms of the objections: The parties have filed a Joint Exhibit List which contains exhibits listed by the Plaintiffs and Defendants.  The parties continue to meet and confer regarding exhibits and plan to prepare a Joint Exhibit Stipulation including objection to file with the Court in the future.

## XI.   WITNESS LIST

Plaintiffs' and Defendants' witness lists have been filed with the Court under separate cover in accordance with the previous trial and the continued trial date(s) (and may be supplemented). Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

The parties currently believe that the testimony by witnesses will be by live testimony and the parties reserve the right to use deposition testimony, previous statements and discovery responses for impeachment.  Currently, the parties do not anticipate reading from depositions as a substitute for live testimony.

## XII.   PENDING LAW AND MOTION

Plaintiffs have filed five (5) motions in limine.  Motions in Limine Nos. 1 and

4 have been stipulated to by defense.   Motion in Limine No. 3 was not opposed by Defendants. Defendants have opposed Plaintiffs' Motions in Limine Nos. 2 and 5.

Defendants have filed two (2) Motions in Limine, both of which were opposed by Plaintiffs.

The Court has not yet ruled on any of the filed Motions in Limine as of the writing of this Pretrial Conference Order, other than motions in limine of which the parties have stipulated.

## XIII. BIFURCATION

The parties have stipulated and the Court has granted, Bifurcation of trial into Phase I: Liability and Phase II: Damages. Plaintiffs assert that the Punitive Damages predicate question should be given to the Jury in the initial phase.

## XIV. STIPULATION

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**<u>IT IS SO ORDERED.</u>**

Dated: _____, 2023                    _____
                                                                          Hon. Jesus G. Bernal

\\
\\
\\
\\
\\
\\
\\

**FINAL PRETRAL CONFERENCE ORDER**

1   \\

2   \\

3   \\

4   **Approved as to form and content,**

5

6   DATED: September 25, 2023

7                                    **GUIZAR, HENDERSON & CARRAZCO, LLP**

8
                                            */S/ Kent M. Henderson*
9                             By: _____
                                            Kent M. Henderson
10                                          Angel Carrazco, Jr.
                                            Attorneys for Plaintiffs
11

12

13   Dated:  September 25, 2023           Respectfully submitted,

14
                                          ROB BONTA
15                                        Attorney General of California
                                          RHONDA L. MALLORY
16                                        Supervising Deputy Attorney General

17

18                                        */S/ Douglas E. Baxter*

19                                        DOUGLAS E. BAXTER
                                          Deputy Attorney General
20                                        *Attorneys for Defendants California*
                                          *Highway Patrol and John Geite*

21

22

23

24

25

26

27

28